FILED

**NOT FOR PUBLICATION**

JUL 12 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUG BECKER, | No. 11-35137 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00015-TMB |
| v. | |
| KIKIKTAGRUK INUPIAT CORPORATION, an Alaska Village Corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted June 26, 2012
Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Appellant Doug Becker appeals summary judgment in favor of Kikiktagruk

Inupiat Corporation ("KIC") on his claims for retaliation in violation of 42 U.S.C.

§ 1981 and for common law wrongful termination. The district court granted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

summary judgment to KIC on Becker's retaliation claim because it determined that Becker had not presented evidence that he had engaged in a protected activity. The district court then granted summary judgment to KIC on Becker's wrongful termination claim because it determined that KIC had not violated § 1981 and that Becker's termination was not wrongful. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Becker did present sufficient evidence that he engaged in a protected activity, we reverse and remand.

Retaliation claims pursuant to § 1981 are analyzed under Title VII's burden-shifting framework. *See, e.g.*, *Metoyer v. Chassman*, 504 F.3d 919, 930-31 (9th Cir. 2007). Therefore, a prima facie case of § 1981 retaliation requires the plaintiff to show (1) that he "engaged in a protected activity," (2) that he "suffered an adverse employment action," and (3) that there was "a causal connection between the two." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to identify a legitimate, non-retaliatory reason for the adverse employment action. *Id.* Then, the burden shifts back to the plaintiff to produce evidence that the stated reason was mere pretext for retaliation. *Id.*

Borrowing from Title VII cases, protected activity in the § 1981 context includes not only opposing practices that are actually racially discriminatory but

2

also opposing practices that the plaintiff reasonably believes to be racially discriminatory. *See, e.g.*, *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006); *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 303 F.3d 994, 1005 (9th Cir. 2002); *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994); *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978).

Without deciding whether KIC's stated "shareholder preference" is actually racially discriminatory in favor of Alaska Natives (and in violation of § 1981), we hold that there is sufficient evidence that Becker reasonably believed that KIC's employment practices were racially discriminatory and that he opposed the practices on that basis.

The following evidence establishes the reasonableness of Becker's belief that KIC unlawfully discriminated in favor of Alaska Natives: (1) KIC's employee handbook stated that "Native preference is given in all hiring actions." (2) At a meeting two weeks after Becker began work at KIC, he attended a meeting to discuss the "shareholder and native hiring preference." (3) When Becker hired a Caucasian employee, the human resources person became angry about his not following KIC's hiring policy. (4) Some non-Alaska Native employees were not subject to KIC's stated shareholder preference (even though Becker thought that

3

they were subject to the preference), and Becker believed that KIC had reclassified them because of their race. (5) At the request of KIC's management, Becker kept track of the individual races of his employees and recorded whether they were shareholders or "Other Native." (6) Finally, every employee subject to KIC's stated shareholder preference was, in fact, an Alaska Native.

Because Becker has also presented evidence establishing the elements of adverse employment action and causation, he has made a showing on his prima facie case that is sufficient to survive summary judgment, and we reverse on that basis. We remand for the district court to continue the burden-shifting analysis by determining whether KIC fired Becker based on a lawful, non-retaliatory reason and, if so, whether KIC's stated reason is mere pretext for retaliation.

We also reverse summary judgment on Becker's wrongful termination claim, which was based on the district court's conclusions about Becker's retaliation claim.

**REVERSED** and **REMANDED**.

4